United States District Court
Southern District of Texas

**ENTERED**

June 03, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| CECILIA MAYORGA PEREZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-01308 |
| | § | |
| RANDY TATE, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## <u>ORDER</u>

On February 19, 2026, the Court ordered Respondents to notify the Court of any anticipated or planned transfer of Petitioner Cecilia Mayorga Perez ("Petitioner") outside the Southern District of Texas at least five (5) days before any such transfer. Doc. #4 at 2. On May 15, 2026, the Court granted the Petition for Writ of Habeas Corpus and ordered Respondents to file a status report within seventy-two (72) hours, "informing the Court of the status of Petitioner's release." Doc. #7. Then, on May 18, 2026, Respondents informed the Court for the first time that Petitioner was granted pre-conclusion voluntary departure on March 31, 2026, and that she departed the United States on or about April 7, 2026. Doc. #8.

Accordingly, Petitioner's departure from the United States mooted her request for habeas relief. *See Mena v. Barr,* No. 1:20-CV-151, 2020 WL 8093649, at *2 (S.D. Tex. Dec. 14, 2020), *report and recommendation adopted,* 2021 WL 124330 (S.D. Tex. Jan. 13, 2021) ("This District has regularly recognized that a petitioner's claim for habeas relief becomes moot upon his release from ICE custody (by removal or under supervision)."). Because Petitioner departed the United States on April 7, 2026, more than a month before the Court issued its May 15th Order, the Court could no longer grant effective habeas relief. *See Anh Nguyen v. Sessions,* No. 4:18-CV-2423, 2019 WL

2539891, at *1 (S.D. Tex. June 19, 2019) ("Nguyen's petition challenges only his continued detention, his release from custody leaves nothing for this Court to remedy."). Therefore, the Court concludes that this action became moot before entry of its May 15th Order and vacatur is appropriate.

Importantly, however, Respondents failed to notify the Court of Petitioner's departure as required by the February 19th Order. Effective judicial oversight of habeas proceedings depends upon timely notice of material changes in a petitioner's custody status. *See Nelson v. Clinton*, No. CIV.A. H-10-0058, 2010 WL 5342822, at *4 (S.D. Tex. Dec. 21, 2010) ("The importance of a habeas petitioner's custody status cannot be minimized."). Moreover, Respondents possess near-exclusive access to such information while a petitioner remains in their custody. The Court's February 19th Order was intended to encompass all material custody developments, including Petitioner's departure from the United States. *See* Doc. #4 at 2. Although the Court declines to impose sanctions, Respondents are expected to comply with all future notification orders.

Finally, the Court is concerned with Respondents' characterization of Petitioner's departure as "voluntary." *See* Doc. #8. The choice between continued immigration detention and departure from the United States exists within an inherently coercive framework. A choice made under the shadow of continued detention, particularly detention of uncertain duration, is not a choice exercised under ordinary circumstances. The pressures inherent in confinement bear directly upon a petitioner's practical ability to decide freely whether to remain in the country and pursue legal relief or to abandon available legal relief in favor of release from custody. Accordingly, the Court does not regard the label "voluntary" as conclusively resolving the nature of Petitioner's departure from the United States.

For the foregoing reasons, the Court's Order granting the Petition for Writ of Habeas Corpus (Doc. #7) is VACATED. This action is DISMISSED as MOOT. Respondents are DIRECTED to comply with all future notification and reporting requirements regarding petitioners' departures from the United States. The Court will enter a separate final judgment.

2

It is so ORDERED.

_____JUN 0 3 2026_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge